IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ACKERMAN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | No. 1:08-cv-01136 (HHK) |

**RULE 16.3 JOINT REPORT TO THE COURT**

On July 14 & 15, 2008, counsel for Plaintiff Peter Ackerman ("Plaintiff") and the Defendant United States of America ("Defendant") met and conferred telephonically pursuant to LCvR 16.3 and the Court's July 7, 2008, Order for Initial Scheduling Conference. The parties report to the Court on the items enumerated in LCvR 16.3(c) as follows:

1.   Plaintiff does not believe that this case can be resolved by dispositive motion, yet Plaintiff may file a motion for preliminary determination of subject matter jurisdiction based *inter alia*, on the facts that (a) Plaintiff satisfied the jurisdictional prerequisites for filing this action, including timely filing a refund claim under the two-year period expressly provided by I.R.C. § 6511(a), and (b) the prior litigation entitled *Santa Monica Pictures, L.L.C. v. Commissioner of Internal Revenue*, T.C. Memo 2004-104, settled on appeal, provided that Plaintiff could not bring his defenses to the accuracy-related penalties in that action but would have to raise them by claim for refund and in this proceeding.

The United States contends the following: Because Plaintiff filed this complaint only very recently on June 30, 2008, the United States has not had the opportunity fully to analyze its defenses and whether subject matter jurisdiction exists. The United States' answer, or any Fed. R. Civ. P. 12(b)(6) motion, is not due until early September. The United States may contend that

subject matter jurisdiction does not exist *inter alia* because Plaintiff's proper cause of action, although not pleaded, is actually a TEFRA claim that the United States "erroneously imposed any penalty . . . which relates to an adjustment to a partnership item." 26 U.S.C. §6230(c)(1)(C). If so, Plaintiff did not file its administrative refund claim within the required six month statute of limitations, see 26 U.S.C. §6230(c)(2)(A), and subject matter jurisdiction would not exist.

Independently, *Santa Monica Pictures LLC v. Commissioner of Internal Revenue,* T.C. Memo. 2005-104 was settled while on appeal**.** The United States may file a motion contending that the settlement of *Santa Monica Pictures* is a bar to plaintiff's claims.

Further, *Santa Monica Pictures LLC v. Commissioner of Internal Revenue,* T.C. Memo. 2005-104 at *95 – 112, held that the 40% gross valuation misstatement penalty applied and rejected the "reasonable cause" and "good faith" defense at the partnership level. The United States may file a motion that plaintiff is bound by these findings with the result that his "reasonable cause" and "good faith" defense, at least in part, is barred.

Finally, the United States tentatively expects to file a summary judgment motion after the close of the end of discovery contending that *inter alia* plaintiff does not satisfy 26 U.S.C. §6664(c)(1)'s "reasonable cause" and "good faith" defense.

2.     Plaintiff does not believe any additional parties need to be joined in the present action. Defendant believes the addition of Plaintiff's spouse, Joanne Leedom-Ackerman, may be required, but the parties believe that any factual or legal issues relating to the joinder of Ms. Leedom-Ackerman may be resolved by the parties in the short term. If additional parties need to be joined, the parties agree to a deadline of September 15, 2008. The parties agree to a deadline of September 15, 2008, for amendment of the pleadings.

3. The parties do not believe that the case should be assigned to a Magistrate Judge for any purpose.

4. The parties are amenable to discussions of settlement in this case. The parties met on July 8, 2008, to initiate preliminary settlement discussions, and the parties plan to meet again on August 27, 2008, to continue these discussions. The parties believe they will have a better understanding of the prospects of settlement after the meeting on August 27, 2008. If the parties are unable to make any progress on settlement in August, the parties do not believe there is a reasonable possibility of settlement prior to resolution of any preliminary motions in this case.

5. The parties do not believe that this case would benefit from Alternative Dispute Resolution at this time.

6. Plaintiff does not believe the case can be resolved by dispositive motion at this time, although Plaintiff may file a motion for preliminary determination of subject matter jurisdiction.

Although the United States has not had an opportunity thoroughly to analyze this very recent complaint, the United States tentatively contends that this case can be disposed of by motions under Fed. R. Civ. P. 12(c) and/or 56(c). The United States refers to its position in paragraph (1) above.

7. Plaintiff proposes that the parties agree to exchange initial disclosures as required by Federal Rule of Civil Procedure 26(a) within thirty (30) days of resolution of all preliminary motions.

The United States does not oppose delaying the initial Fed. R. Civ. P. 26(a)(1) disclosures so long as an adequate discovery window is thereafter allowed. The United States refers to its position in paragraph (8) below.

8. The parties have preliminarily discussed limited informal discovery in this case. Plaintiff anticipates additional discovery will be taken within the limits prescribed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Columbia. Plaintiff believes completion of discovery should be within 120 days after resolution of the parties' preliminary motions on subject matter jurisdiction and other issues. Plaintiff reserves the right to file a protective order if it deems such an order to be appropriate.

The United States notes that *Ackerman IV* claims the largest refund, at $27.8 million (see complaint, ¶8), of the four complaints. Further, Ackerman's refund claim requires proof of the defense of "reasonable cause" and "good faith", 26 U.S.C. §6664(c)(1), and puts the propriety of the *Santa Monica Pictures* transactions directly at issue. For example, plaintiff pleads that he "understood and believed that . . . the French Banks became partners in Santa Monica Pictures, and that they transferred their [$1.7 billion] tax basis to the Santa Monica partnership. The Ackermans had no reason to contemplate that the treatment of the basis was incorrect, or to question the legal advice indicating that it was properly handled." *Ackerman v. United States* (D.D.C. No. 1:08-cv-1136), Complaint, Ex. G, pp. 8, 16, 24, 32, 40, 48, 57. This complaint will likely require that the United States trial team not only thoroughly understand the complicated *Santa Monica Pictures* deal and subsequent transactions themselves but also what the parties to those transactions, including at least one foreign partner, understood the transactions to be. Accordingly, the United States requests a one-year discovery window.

9. The parties agree that expert discovery should take place after the close of fact discovery. The parties hold in abeyance any specific deadlines regarding expert discovery until a fact discovery deadline is put in place.

10. This action is not a class action. Therefore, item 10 is not applicable to this case.

11.    The parties agree that, although bifurcation *per se* may not be appropriate, early disposition of any and all motions addressing subject matter jurisdiction would be appropriate.

12.    The parties agree that the Court should schedule the pretrial conference after the close of discovery.

13.    The parties agree that a trial date should be set at the pretrial conference.

14.    The parties believe that they have addressed all matters appropriate for inclusion in a scheduling order.

                                              Respectfully submitted,

                                              */s/ James P. Joseph*
                                              JAMES P. JOSEPH, D.C. Bar No. 421231
                                              REBECCA L. D. GORDON, D.C. Bar No. 468809

                                              Arnold & Porter, L.L.P.
                                              555 Twelfth Street, N.W.
                                              Washington, D.C. 20004-1206
                                              (202) 942-5000 (telephone)
                                              (202) 942-5999 (facsimile)
                                              LEAD COUNSEL FOR PLAINTIFF


                                              */s/ Joseph E. Hunsader*
                                              JOSEPH E. HUNSADER
                                              JAN MEIR GEHT
                                              Trial Attorneys, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 277
                                              Washington, D.C. 20044
                                              (202) 514-0472 (telephone)
                                              (202) 514-6866 (facsimile)
                                              LEAD COUNSEL FOR DEFENDANT

Dated: July 22, 2008