IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER ACKERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | No. 1:08-cv-00279 (HHK) |
| PETER ACKERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | No. 1:08-cv-00722 (HHK) |
| PETER ACKERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | No. 1:08-cv-01136 (HHK) |

**PLAINTIFF PETER ACKERMAN'S STATEMENT OF THE CASE AND STATUTORY BASES FOR ALL CAUSES OF ACTION**

Pursuant to the Court's June 30, 2008, and July 7, 2008, Orders for Initial Scheduling Conference in the above-referenced actions, Plaintiff Peter Ackerman ("Plaintiff" or "Ackerman") hereby submits the following brief Statement of the Case and Statutory Bases for All Causes of Action.

1

According to the allegations of the Complaints and/or Amended Complaints in the above-referenced actions, this is a series of individual actions by Plaintiff to recover income taxes, failure to pay penalties, and accuracy-related penalties for the years 1997 through 2003, inclusive, which were erroneously and illegally assessed and collected.

Plaintiff was a partner in Santa Monica Pictures, L.L.C., a partnership that was involved in litigation in the Tax Court. This litigation resulted in the Opinion, *Santa Monica Pictures, L.L.C. v. Commissioner*, T.C. Memo 2005-104 (appeal dismissed, 2d Cir. 2007) (the "*Santa Monica Pictures* Opinion").

On January 18, 2006, apparently based on the *Santa Monica Pictures* Opinion, the Internal Revenue Service ("I.R.S.") made assessments against Plaintiff of income taxes, penalties and interest with respect to the tax years 1997 through 2003, inclusive, totaling over $150 million.

In response to these assessments, Plaintiff's representatives submitted timely informal claims for refund on February 21, 2006, which were amended by submissions dated March 28, 2006, and August 16, 2006. These informal claims for refund, which included supporting material, asserted the need for computational adjustments and other corrections that would result in a difference in the total amount of the I.R.S.'s assessments against Plaintiff. The I.R.S. <u>never</u> substantively responded to any of these claims for refund.

Plaintiff's representatives also contacted the Taxpayer's Advocate Office in February 2006 to request a hold on any collection activity while Plaintiff was attempting to resolve his claims regarding the I.R.S.'s assessments. In March 2006, the Taxpayer's Advocate Office issued a hold based on that request. The hold ended prematurely, but was reinstated at Plaintiff's request and remained in force at the time Plaintiff satisfied the balance of his liability. Plaintiff's

representatives contacted the I.R.S. during this hold and were advised that Plaintiff's claims were "being reviewed." However, the I.R.S. <u>never</u> responded to Plaintiff's informal claims for refund, and in fact assessed failure to pay penalties against Plaintiff for his delay in satisfaction of the January 18, 2006, assessment..

While Plaintiff's claims for refund remained pending without any response from the I.R.S. and while there was a hold on any collection activity, Plaintiff satisfied all outstanding tax, penalties and interest by payments made on or about April 26, 2006, October 19, 2006, and October 23, 2006.

On September 4, 2007, within the two-year period expressly provided by I.R.C. § 6511(a), Plaintiff timely filed Claims for Refund with the I.R.S. on Forms 843, for refund of the failure to pay penalties. The I.R.S. <u>never</u> responded to these claims for refund.

On October 10, 2007, within the two-year period expressly provided by I.R.S. § 6511(a), Plaintiff timely filed Claims for Refund with the I.R.S. on I.R.S. Forms 843, for refund of the accuracy-related penalties. The I.R.S. <u>never</u> responded to these claims for refund.

To the date of this filing, the I.R.S. has <u>never</u> responded to any of Plaintiff's informal claims for refund or Forms 843 in any substantive way, whether to indicate they are in any way improper or deficient, nor to explain why any part of them would not be allowable. Thus, Plaintiff has been forced to file these series of lawsuits against the United States to obtain the relief to which he is entitled.

Plaintiff is seeking relief pursuant to the following statutory provisions of the United States Code: 26 U.S.C. §§ 6511(a), 6511(g), 6230(c), 6532(a), 6651(a), 6664(c); 28 U.S.C. §§ 1340, 1346, 1396. Plaintiff reserves the right to amend the statutory bases for his causes of action.

        Respectfully submitted,

        <u>   /s/ *James P. Joseph*   </u>
        JAMES P. JOSEPH, D.C. Bar No. 421231
        REBECCA L. D. GORDON, D.C. Bar No. 468809

        Arnold & Porter, L.L.P.
        555 Twelfth Street, N.W.
        Washington, D.C.  20004-1206
        (202) 942-5000 (telephone)
        (202) 942-5999 (facsimile)
        LEAD COUNSEL FOR PLAINTIFF

Dated:  July 22, 2008